IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-423-FL

| | | |
|---|---|---|
| HAWORTH, INC., a Michigan corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| SHIRISHA JANUMPALLY, M.D. an individual; SILVIJA VALLERU, D.D.S. an individual; SURESH VENKAT DOKI an individual; LIONSHEAD ENTERPRISES CORPORATION a Delaware corporation; WILLIAM INMAN COMPANY, LLC a Florida limited liability company; ATTRACTCAPITAL, LLC a New York limited liability company, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

This matter is before the court on motion for summary judgment filed by defendant AttractCapital, LLC ("Attract") (DE 89). Plaintiff responded in opposition, and defendant Attract replied. In this posture, the issues raised are ripe for ruling. For the following reasons, the motion is denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action on August 18, 2017, and filed amended complaint on November 21, 2017, asserting claims arising out of indebtedness owed to plaintiff by non-party

---

[1] The court constructively has amended the caption of this order to remove dismissed defendants.

Miller's of Columbia, Inc. ("MOC"). Plaintiff asserts claims on its own behalf, as a creditor of MOC, and as assignee of MOC and certain MOC shareholders, against defendants on the basis of their involvement in a leveraged buyout transaction of MOC and other financial transactions that allegedly rendered MOC insolvent for a period of time. As pertinent to the instant motion, plaintiff asserts one claim against defendant Attract for fraudulent transfer under N.C. Gen. Stat. § 39-23.4(a)(2) ("Count VIII").[2]

After defendants, including defendant Attract, filed answers in August and September, 2018, the court entered a case management order, on November 1, 2018, which sets an October 31, 2019, deadline for discovery, and a December 15, 2019, deadline for dispositive motions. The court noted that the parties planned an early mediation to take place by January 31, 2019.

Defendant Attract filed the instant motion for summary judgment on December 20, 2018, seeking judgment as a matter of law on the sole claim remaining against it. Defendant Attract relies upon a memorandum in support, statement of material facts, and an appendix attaching declarations by defendants Shirisha Janumpally ("Janumpally"), Silvija Valleru ("Valleru"), and Suresh Venkat Doki ("Doki").

Plaintiff responded on January 17, 2019, relying upon an opposing statement of material facts, a declaration by an attorney for plaintiff, Emily S. Rucker ("Rucker"), and an appendix including an "Amended Closing Statement." (DE 100 at 1).

---

[2] In order entered August 20, 2018, the court dismissed one part of plaintiff's claim against defendant Attract premised upon a theory of aiding and abetting in fraudulent transfers to other parties. The court also dismissed in part several claims against other defendants. Claims remaining against certain other defendants, following the court's August 20, 2018, order, include claims for fraudulent transfers under N.C. Gen. Stat. §§ 39-23.4 and 39-23.5 (Counts I, II, II, VIII); claims for fraud/misrepresentation (Count IV); claims for breach of fiduciary duty and oppression of minority shareholders, brought by plaintiff as assignee of claims (Counts V and IX); and unlawful distribution of corporate funds under N.C. Gen. Stat. §§ 55-6-40(c) (Count VII).

The parties noted in joint statement filed February 8, 2019, that early mediation had resulted in impasse.

**STATEMENT OF UNDISPUTED FACTS**

In early 2016, defendants Janumpally and Valleru "undertook to purchase ownership interests in" MOC (hereinafter the "Transaction"). (Def's Stmt. (DE 91) ¶ 1). MOC had its own consultant for the Transaction, defendant The Inman Company. (Id. ¶ 4). An "Amended Closing Statement" for the Transaction, specifying "Funding Date of March 2, 2016," shows a payment to defendant Attract in the amount of $ 70,000.00, and a payment to "MPL Law Firm, LLP" in the amount of $35,500.00. (Pl's App'x, Amended Closing Statement (DE 100) at 2). On the same page, it states "Sources of Funds" are from Janumpally and Valleru. (Id.). The funds used to pay defendant Attract and MPL Law Firm, LLP, were sent from MOC's "bank account" to defendant Attract and the MPL Law Firm, LLP. (Def's Stmt. (DE 91) ¶ 9; Pl's Stmt. (DE 97) ¶ 9).

**COURT'S DISCUSSION**

A.    Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Plaintiff asserts that defendant Attract violated N.C. Gen. Stat. § 39-23.4(a)(2) by receiving an allegedly fraudulent transfer of $70,000.00 from MOC without providing to MOC reasonably equivalent value in exchange. Defendant Attract argues there is no genuine issue of material fact regarding two material elements of this claim, based on the assertion that no transfer was made by MOC to defendant Attract, and that value was given by defendant Attract for any sums transferred to it. The court addresses these issues in turn below.

1.  Transfer

Section 39-23.4 provides, in pertinent part:

(a) <u>A transfer made</u> or obligation incurred <u>by a debtor</u> is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
.   .   .   .
(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

    a.    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

    b.    Intended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

N.C. Gen. Stat. § 39-23.4(a) (emphasis added).

The term "transfer" is defined in the statute as "Every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with <u>an asset</u> or an interest in an asset and <u>includes payment of money</u>, release, lease, license, and creation of a lien or other encumbrance." N.C. Gen. Stat. § 39-23.1(12) (emphasis added). An "asset" is defined as "[p]roperty of a debtor," with exceptions not at issue here. Id. § 39-23.1(2). "Property" is

5

"[a]nything that may be the subject of ownership." Id. § 39-23.1(10).

It is undisputed in this case that a payment of money was made from MOC's bank account to defendant Attract, in the amount of $70,000.00. (Def's Stmt. (DE 91) ¶ 9; Pl's Stmt. (DE 97) ¶ 9). Thus, the basic requirements of a "transfer" under § 39-23.4 are met. See N.C. Gen. Stat. § 39-23.1(12).

In support of the instant motion, defendant Attract asserts that such funds paid to defendant Attract "were never funds belonging to [MOC] or accessible to [MOC]." (Def's Stmt. (DE 91) ¶ 9). Defendant Attract contends that "as is customary in these types of transactions, the funds necessary to pay Attract . . . were wired into the bank account for [MOC] and immediately wired back out to Attract." (Id.). Plaintiff, however, disputes these assertions of fact, and plaintiff argues that it cannot respond to defendant's motion without further discovery on these issues.

Under Federal Rule of Civil Procedure 54(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 54(d). "In general, summary judgment should only be granted 'after adequate time for discovery.'" McCray v. Maryland Dep't of Transp., Maryland Transit Admin., 741 F.3d 480, 483 (4th Cir. 2014) (quoting Celotex, 477 U.S. at 322). Relief under Rule 56(d) "must be granted where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Id. at 483-84 (quotations omitted). Further, such relief is "broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions." Id. at 484 (quotations omitted).

6

Here, plaintiff has demonstrated through its declaration by counsel that it cannot present facts essential to justify its opposition on the issue of transfer of funds from MOC to defendant Attract. In particular, plaintiff asserts that it has "not yet deposed David Barnitt, a principal of [defendant Attract]," or any of the individual defendants or individuals with ownership or control of MOC prior to the Transaction. (Rucker Decl. ¶ 3). "Each of these witnesses will have information related to the payment arrangements" for the Transaction. (Id. ¶ 4). Plaintiff asserts that, to adequately respond to summary judgment on the issues raised, plaintiff will require discovery on topics including:

> [1] "What party was contractually obligated to pay Attract;"
>
> [2] "The contractual terms between Attract, [MOC], Janumpally, Valleru, and [MOC's] former shareholders;"
>
> [3] "The intent of the parties with respect to the money paid to Attract;"
>
> [4] "[MOC's] rights with respect to its own bank account;"
>
> [5] "Any restrictions on the funds deposited in [MOC's] account and paid to Attract."

(Id. ¶ 5). Where all of these issues proposed for discovery potentially are relevant to the element of transfer under § 39-23.4, plaintiff has demonstrated a basis for denying summary judgment on this issue at this juncture.

Defendant Attract argues that plaintiff had ample opportunity to obtain discovery from prior owners of MOC in parallel litigation against MOC in Michigan. Discovery now sought by plaintiff, however, is primarily directed to defendant Attract. (See, e.g., id.). Evidence from or related to defendant Attract is notably absent from declarations presented in support of summary judgment.

For example, defendant Attract presents identical declarations from the three individual defendants, each of whom repeat the statement "as is customary in these types of transactions, the funds necessary to pay Attract . . . were wired into the bank account for [MOC] and immediately wired back out to Attract." (Janumpally Decl. (DE 93-1) ¶ 11; Valleru Decl. (DE 93-2) ¶ 11; Doki Decl. (DE 93-3) ¶ 11). However, there is no indication that any of these individuals had personal knowledge of other "customary" transactions involving defendant Attract.

Defendant Attract also argues that plaintiff "presents no evidence to rebut Attract's evidence that the funds never belonged to [MOC] or were accessible to [MOC] for its use to pay pre-closing debts including any debts allegedly owed to Haworth." (Reply (DE 101) at 5). Where plaintiff has established, however, that it needs discovery to oppose summary judgment on these issues of ownership of funds and access, the court need not require a presentation of evidence by plaintiff at this juncture. See Fed. R. Civ. P. 56(d); Celotex, 477 U.S. at 322; McCray, 741 F.3d at 483.

In sum, plaintiff has demonstrated a need for further discovery before consideration of summary judgment on the element of transfer. Therefore, defendant's motion for summary judgment on this element is denied. This denial of summary judgment is without prejudice to renewal after discovery has been completed.

2.  Value

As noted above, a voidable transfer under section 39-23.4 is one made "[w]ithout receiving a reasonably equivalent value in exchange for the transfer." N.C. Gen. Stat. § 39.23.4(a)(2). "[R]easonable equivalence [is] to be determined by an analysis of all the circumstances surrounding the suspect transfer." In re Morris Commc'ns NC, Inc., 914 F.2d 458, 467 (4th Cir. 1990); Starnes v. C.I.R., 680 F.3d 417, 432-33 (4th Cir. 2012).

8

Defendant Attract asserts that it "provided valuable and necessary services in exchange for payment of the $70,000.00." (Def's Stmt. (DE 91) ¶ 12). However, plaintiff denies this statement, and plaintiff demonstrates through declaration of counsel that it will require discovery to respond to summary judgment on the issue of reasonably equivalent value. (Pl's Stmt. (DE 97) ¶ 12). In particular, plaintiff will require discovery on

[1] "What services Attract provided in relation to the LBO and to whom;"

[2] "The value of the services provided by Attract in relation to the LBO and the parties, and who received such value;

[3] "What party was contractually obligated to pay Attract;"

(Rucker Decl. ¶ 5). As with the discovery specified on the issue of transfer, this discovery is relevant to the issues raised in the instant summary judgment motion, where it concerns an "analysis of all the circumstances surrounding the suspect transfer." In re Morris, 914 F.2d at 467 (quotations omitted).

Defendant Attract argues that plaintiff has failed to meet its burden of showing an absence of reasonably equivalent value. Similar to the issue of transfer, however, plaintiff need not satisfy this burden at this juncture, where it has demonstrated it requires additional discovery to respond to summary judgment, particularly where defendant Attract filed an early motion for summary judgment and the deadline for discovery has not passed. See Fed. R. Civ. P. 56(d); Celotex, 477 U.S. at 322; McCray, 741 F.3d at 483.

In sum, plaintiff has demonstrated a need for further discovery before consideration of summary judgment on the element of value. Therefore, defendant's motion for summary judgment on this element also is denied, again without prejudice to renewal after discovery has been

completed.

## CONCLUSION

Based on the foregoing, defendant Attract's motion for summary judgment (DE 89) is DENIED. Denial is without prejudice to the making of a new motion for summary judgment after discovery has completed.

SO ORDERED, this the 31st day of May, 2019.

LOUISE W. FLANAGAN
United States District Judge